Mark A. Ozzello (SBN 116595)
Mark.Ozzello@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiff Jeff Barnett

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BARNETT, individually, and on behalf of members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMN HEALTHCARE ALLIED, INC., a Texas corporation; AMN HEALTHCARE SERVICES, INC., a Delaware corporation; AMN HEALTHCARE, INC., a Nevada corporation; AMN ALLIED SERVICES, LLC, a North Carolina limited liability company; AMN SERVICES, LLC, a Delaware limited liability company; and AMN STAFFING SERVICES, LLC, a Delaware limited liability company;<br><br><br>Defendants. | Case No.: **'19CV666 L    MDD**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of 15 U.S.C. §§1681b(b)(2)(A) and 1681d(a) (Fair Credit Reporting Act);<br>(2)  Violation of California Civil Code §1786 *et seq.* (Investigative Consumer Reporting Agencies Act);<br>(3)  Violation of California Civil Code §1785 *et seq.* (Consumer Credit Reporting Agencies Act); and<br>(4)  Violation of California Business & Professions Code §17200 *et seq.* (Unfair Competition Law).<br><br>**Jury Trial Demanded As To Claims That Are So Triable** |

1    Plaintiff Jeff Barnett (herein "Plaintiff"), individually and on behalf of all other

2    members of the public similarly situated, based upon facts which either have evidentiary

3    support, or are likely to have evidentiary support after a reasonable opportunity for further

4    investigation and discovery, alleges as follows:

5                                    **NATURE OF THE ACTION**

6    1.    This class action arises from the acquisition and use of consumer and/or

7    investigative consumer reports (referred to collectively as "background reports") by AMN

8    HEALTHCARE ALLIED, INC., a Texas corporation; AMN HEALTHCARE SERVICES,

9    INC., a Delaware corporation; and AMN HEALTHCARE, INC., a Nevada corporation; AMN

10   ALLIED SERVICES, LLC, a North Carolina limited liability company; AMN SERVICES,

11   LLC, a Delaware limited liability company; and AMN STAFFING SERVICES, LLC, a

12   Delaware limited liability company (herein referred to as "Defendants" or "AMN"), to conduct

13   background checks on Plaintiff and other prospective, current, and former employees.

14   2.    Defendants routinely obtain and use information from background reports in

15   connection with their hiring processes without complying with state and federal mandates for

16   doing so.  As part of this practice, Defendants provide a requisite disclosure form to applicants.

17   However, the disclosure form that Defendants provided to Plaintiff and each Class Member as

18   part of its hiring process is noncompliant with state and federal statutes.

19   3.    Plaintiff, individually and on behalf of all other members of the public similarly

20   situated,  seeks compensatory and punitive damages due to Defendants' willful or grossly

21   negligent conduct and its systematic and willful violation of, *inter alia*, the Fair Credit

22   Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., Investigative Consumer Reporting

23   Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq*., Consumer Credit Reporting Agencies

24   Act ("CCRAA"), Cal. Civ. Code §§ 1785 *et seq.*, and California's Unfair Competition Law

25   ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*.

26   4.    Defendants have violated the requirements under these statutes by failing to

27   provide proper "pre-authorization" disclosures.  The procurement of background reports for

28   employment purposes is subject to strict disclosure requirements under federal law pursuant to

the FCRA and under California law pursuant to the ICRAA and CCRAA.  Among other things, an employer may not procure a background report concerning a job applicant unless a "clear and conspicuous" disclosure is made in a *stand-alone document* that "consists solely of the disclosure" informing the applicant that a report may be obtained for employment purposes. This required disclosure document is sometimes referred to as a "pre-authorization" form.

5.     The reason for requiring that the disclosure be in a stand-alone document, according to the Federal Trade Commission ("FTC"), is to prevent consumers from being distracted by other information that is side-by-side within the disclosure.[1]  The FCRA seeks to protect important privacy rights and to ensure that consumers receive adequate disclosure and provide adequate authorization for background checks.  A stand-alone disclosure form is critical to achieving that goal.

6.     Defendants' pre-authorization form contains extraneous and irrelevant information, which violates the requirement that the disclosure be made in a document that consists *solely* of the disclosure.  Additionally, Defendants' pre-authorization form fails to be clear and conspicuous because it contains language that would confuse a reasonable reader.  For these reasons, among others, Defendants' pre-authorization form violates the law.

7.     As further alleged herein, Defendants' violations occurred because Defendants wilfully have failed to properly apprise themselves of the statutory mandates before seeking, acquiring, and utilizing background reports to make employment decisions; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

8.     As a result of Defendants' wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA, ICRAA, and CCRAA.

---

[1] Leathers, FTC Informal Staff Opinion Letter, Sept. 9, 1998, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last accessed April 1, 2019).

CLASS ACTION COMPLAINT

9.      Plaintiff seeks on behalf of himself and putative class members, statutory, actual and/or compensatory damages, punitive damages, and equitable relief, where applicable, including costs and expenses of litigation including attorney's fees, and appropriate injunctive relief requiring Defendants to comply with its legal obligations, where applicable, as well as additional and further relief that may be appropriate.  Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## JURISDICTION AND VENUE

10.     The FCRA, codified as 15 U.S.C. § 1681 *et seq.*, authorizes Court actions by private parties to recover damages for failure to comply with its provisions.  Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy.  Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. § 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because the parties are diverse because Plaintiff is a resident of California; Defendant AMN HEALTHCARE ALLIED, INC. is a Texas corporation with its principal place of business in California; Defendant AMN HEALTHCARE SERVICES, INC. is a Delaware corporation with its principal place of business in California; Defendant AMN HEALTHCARE, INC. is a Nevada corporation with its principal place of business in California; AMN ALLIED SERVICES, LLC is a North Carolina limited liability company; AMN SERVICES, LLC is a Delaware limited liability company; and AMN STAFFING SERVICES, LLC is a Delaware limited liability company.

12.     Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) because Defendants transact business in this judicial district and certain acts giving rise to the claims asserted in this Complaint occurred within the District.  Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because all Defendants reside in and maintain their principal place of business in the County of San Diego.  Venue is proper in the

1  Southern District of California.

2                    **THE PARTIES**

3        13.    Plaintiff JEFF BARNETT is a resident of Newark, California in Alameda

4  County.

5        14.    Defendant AMN HEALTHCARE ALLIED, INC. was and is, upon information

6  and belief, a Texas corporation with its principal place of business in San Diego, California, and

7  was, at all times relevant to this complaint, engaged in commercial transactions throughout this

8  county, the State of California and the various states of the United States of America.

9        15.    Defendant AMN HEALTHCARE SERVICES, INC. was and is, upon

10 information and belief, a Delaware corporation with its principal place of business in San Diego,

11 California, and was, at all times relevant to this complaint, engaged in commercial transactions

12 throughout this county, the State of California and the various states of the United States of

13 America.

14       16.    Defendant AMN HEALTHCARE, INC. was and is, upon information and belief,

15 a Nevada corporation with its principal place of business in San Diego, California, and was, at

16 all times relevant to this complaint, engaged in commercial transactions throughout this county,

17 the State of California and the various states of the United States of America.

18       17.    AMN ALLIED SERVICES, LLC was and is, upon information and belief, a

19 North Carolina limited liability company with its principal place of business in San Diego,

20 California, and was, at all times relevant to this complaint, engaged in commercial transactions

21 throughout this county, the State of California and the various states of the United States of

22 America.

23       18.    AMN SERVICES, LLC was and is, upon information and belief, a Delaware

24 limited liability company with its principal place of business in San Diego, California, and was,

25 at all times relevant to this complaint, engaged in commercial transactions throughout this

26 county, the State of California and the various states of the United States of America.

27       19.    AMN STAFFING SERVICES, LLC was and is, upon information and belief, a

28 Delaware limited liability company with its principal place of business in San Diego, California,

CLASS ACTION COMPLAINT

and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

## PLAINTIFF'S FACTS

20.     Plaintiff applied for a job with Defendants by completing an Employment Application on or about April 20, 2017, in Maricopa County, Arizona.

21.     Plaintiff alleges that in evaluating him for employment, Defendants procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e), a consumer credit report, as defined by Cal. Civ. Code Section 1785.3(c), and an investigative consumer report, as defined by Cal. Civ. Code Section 1786.2(c)).

22.     In connection with his employment application, Plaintiff completed Defendants' standard application materials, which, on information and belief, were used regularly by Defendants for all job applicants during the relevant time period in the connection with their employment policies, procedures, and/or practices.  Among other things, Defendants' employment application process included documents titled, "Background Check Authorization Form" ("Authorization"), which also includes purported disclosures regarding the procurement of background reports.

23.     A reproduction of the Authorization form is attached herein as "Exhibit 1."

24.     Plaintiff filled out the Authorization form on or about April 20, 2017.

25.     As shown in Exhibit 1, Defendants' Authorization form provides that:

> As part of the employment process, AMN Services, LLC ("The Company"), will obtain an Investigative Consumer Report.  The Investigative Consumer Report may include information regarding your character, general reputation, personal characteristics or mode of living. The following Consumer Reporting Agency will prepare the report: First Advantage
> 1100 Alderman Drive
> Alpharetta, GA 30005

26.     In addition, the Authorization form contains the following provisions within its four corners, which are extraneous to Defendants' disclosure of its intent to perform a background check:

(a)    During the application process and at any time during the tenure of my employment with The Company, I hereby authorize First Advantage, on behalf of The Company to procure an Investigative Consumer Report which I understand may include information regarding my character, general reputation, personal characteristics, or mode of living.

(b)    By signing below, I attest that I am the person identified in this document, the information I will supply is accurate, and I authorize the investigative consumer report.

(c)    **MN & Oklahoma Residents please note:** In connection with your application for employment, your credit report may be obtained and reviewed.  Under MN law, you have a right to receive a free copy of your credit report by checking the appropriate box below.  Your credit report will be mailed to you by the credit bureau.  Under Oklahoma law, you have the right to receive a free copy of your consumer report.

27.    The inclusion of these provisions in the Authorization form, which functioned as a combined disclosure and authorization document, violates § 1681b(b)(2)(A) of the FCRA.

28.    Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report[2] or investigative consumer report[3] for employment purposes, unless a "clear and conspicuous" disclosure is made in a document that consists "solely of the disclosure" and the consumer has authorized in writing the procurement of the report.  15 U.S.C. §

---

[2] Section 1681a(d)(1)(B) of the FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes."

[3] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

1   1681b(b)(2)(A)(i)-(ii).

2         29.     Although the disclosure and the authorization may be combined in a single

3   document, the FTC has warned that the form should not include any extraneous information.

4   For example, a 1998 opinion letter from the FTC states: "Section 604(b)(2)(A) of the FCRA [15

5   U.S.C. § 1681b(b)(2)(A) requires that the consumer disclosure be] . . . in a document that

6   consists solely of the disclosure." [4]  In response to an inquiry as to whether the disclosure may

7   be prominently set forth within an application for employment or whether it must truly be

8   included in a separate document, the FTC responded in another 1998 opinion letter that, "[t]he

9   disclosure may not be part of an employment application because the language [of 15 U.S.C. §

10   1681b(b)(2)(A)] is intended to ensure that it appears conspicuously in a document not

11   encumbered by any other information.  The reason for requiring that the disclosure be in a

12   stand-alone document is to prevent consumers from being distracted by other information side-

13   by-side with the disclosure." [5]

14         30.     Further, in a report dated July 2011, the FTC reiterated that: "the notice [under

15   15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information." [6]

16         31.     Additionally, the three provisions excerpted above from the Authorization form

17   include extraneous information, are unclear, and/or are not reasonably understandable to

18   applicants.

19         32.     The first provision is a confusing run-on sentence: "During the application

20

21      [4] Coffey, FTC Informal Staff Opinion Letter, Feb. 11, 1998, available at

22   https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98 (last
accessed April 1, 2019).

23      [5] Leathers, FTC Informal Staff Opinion Letter, Sept. 9, 1998, available at

24   https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last
accessed April 1, 2019).

25      [6] Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting

26   Act: An FTC Staff Report with Summary of Interpretations: July 2011, available at
https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-

27   reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf (last accessed
April 1, 2019).

28

process and **at any time during the tenure** of my employment with The Company, I hereby authorize First Advantage, on behalf of The Company to procure an Investigative Consumer Report which I understand may include information regarding my character, general reputation, personal characteristics, or mode of living." (Emphasis added). Incredibly, the provision appears to allow Defendants to obtain a consumer report on an applicant for *any* arbitrary reason an unlimited number of times.

33.    Not only is the information presented in a manner that is confusing to a reasonable reader, but it is directly contravened by the requirement set forth in 15 U.S.C. § 1681b(a) that a consumer report be procured only for "permissible purposes," including "employment purposes." "Employment purposes" is defined in 15 U.S.C. § 1681a(h) as a consumer report used "for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee." (emphasis added). This cannot be the case if Defendants require consumers to sign off on an open-ended, perpetual authorization providing "evergreen consent." This statement is also extraneous as to the issue of procurement of the initial background report.

34.    The second provision, (b), "I attest that I am the person identified in this document, the information I will supply is accurate" is extraneous and irrelevant to the issue of procuring a background report. The inclusion of this extraneous provision causes the disclosure to fail to be "clear and conspicuous."

35.    Furthermore, provision (c) referenced above regarding the applicant's rights under the laws of various states in addition to California, including Minnesota and Oklahoma, also constitute extraneous information serving only to confuse a reasonable reader. Since Plaintiff filled out the Authorization form in connection with applying for employment with Defendants in a California location, the state laws of Minnesota and Oklahoma are wholly irrelevant and extraneous, and the inclusion of these extraneous provisions also causes the disclosure to fail to be "clear and conspicuous."

36.    Thus, by including extraneous and unclear provisions in its Authorization form, Defendants willfully disregarded the FTC's regulatory guidance and violated § 1681b(b)(2)(A)

CLASS ACTION COMPLAINT

1    of the FCRA.  Additionally, the inclusion of the extraneous provisions and failure to include

2    requisite language and summary of rights under § 1681d(a)(1) when an investigative report is

3    procured, causes the disclosure to fail to be "clear and conspicuous" and "clear[] and

4    accurate[]," and thus violates Sections 1681b(b)(2)(A) and 1681d(a).

5         37.    Defendants' Authorization form also violates Cal. Civ. Code Sections

6    1785.20.5(a) and 1786.16(b) because it contains extraneous provisions, including an "evergreen

7    consent" provision in defiance of the requirement that Defendants provide Plaintiff and Class

8    Members with written disclosures and obtain written authorization each time an investigative

9    consumer report is sought; and fails to identify a specific basis for requesting a consumer credit

10   report under Cal. Labor Code Section 1024.5.

11                        **CLASS ACTION ALLEGATIONS**

12        38.    Plaintiff brings this lawsuit as a class action on behalf of himself and all others

13   similarly situated as members of the proposed Class pursuant to Federal Rules of Civil

14   Procedure 23(a) and (b)(1), (b)(2) and/or (b)(3).  This action satisfies the numerosity,

15   commonality, typicality, adequacy, predominance, and superiority requirements of those

16   provisions.

17        39.    Plaintiff's proposed Class, the "**FCRA Pre-Authorization Class,**" consists of

18   and is defined as:

19            All persons residing in the United States who applied for an
             employment position with Defendants and executed the
20           Authorization Form within five years prior to the filing of this
             complaint until the date of trial.
21

22        40.    Plaintiff's first proposed subclass, the "**ICRAA Subclass,**" consists of and is

23   defined as follows:

24            All members of the FCRA Pre-Authorization Class who reside in
             California.
25

26        41.    Plaintiff's second proposed subclass, the "**CCRAA Subclass,**" consists of and

27   defined as follows:

28            All    persons    residing    in    California,    who    applied    for    an

                                          Page 9

1    employment position with Defendants and executed the
     Authorization Form within seven years prior to the filing of this
2    complaint until the date of trial ("CCRAA Subclass").

3    42.    Plaintiff's proposed third proposed subclass, the "**UCL Subclass**," consists of

4    and is defined as follows:

5         All members of the FCRA Pre-Authorization Class, who reside
          in California and applied for an employment position with
6         Defendants within four years prior to the filing of this complaint.

7    43.    Members of the Class and Subclasses, as described above, will be referred to as

8    "Class Members." Excluded from the Class and Subclasses are:

9         (a)    Defendants, any entity or division in which Defendants have a controlling

10               interest, and their legal representatives, officers, directors, assigns, and

11               successors; and

12        (b)    the Judge to whom this case is assigned and the Judge's staff.

13   44.    Plaintiff reserves the right to amend the above Class and Subclasses and to add

14   additional subclasses as appropriate based on investigation, discovery, and the specific theories

15   of liability.

16   45.    <u>Numerosity</u>:  The Class Members are so numerous that joinder of all members

17   would be unfeasible and impractical.  The membership of the entire Class and Subclasses is

18   unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred

19   (100) individuals and the identity of such membership is readily ascertainable by inspection of

20   Defendants' employment and/or hiring records.  Consequently, it is reasonable to presume that

21   the members of the Class are so numerous that joinder of all members is impracticable.  The

22   disposition of their claims in a class action will provide substantial benefits to the parties and the

23   Court.

24   46.    <u>Commonality</u>:  There are common questions of law and fact as to Class Members

25   that predominate over questions affecting only individual members, including, but not limited

26   to:

27        (a)    Whether it is Defendants' standard procedure to provide a stand-alone

28               written disclosure to applicants and employees before obtaining a

consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(b)     Whether it is Defendants' standard procedure to provide applicants and employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(c)     Whether it is Defendants' standard procedure to provide applicants and employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

(d)     Whether Defendants' failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent;

(e)     Whether Defendants' conduct described herein constitutes a violation of the UCL; and

(f)     The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

47.     <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

48.     <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

49.     <u>Predominance</u>:  Questions of law or fact common to the Class Members

predominate over any questions affecting only individual members of the Class.  The elements of the legal claims brought by Plaintiff and the Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

50.    <u>Superiority</u>:  Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.  Absent a class action, Class Members will continue to incur harm and damages and Defendants' misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

51.    The Class may also be certified because:

(a)    the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

(b)    the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

**Violation of the Fair Credit Reporting Act § 1681b(b)(2)(A) and 1681d(a)**

**(As to the FCRA Pre-Authorization Class Only)**

52.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

53.     Defendants are a "person" as defined by § 1681a(b) of the FCRA.

54.     Plaintiff and Class Members are consumers within the meaning § 1681a(c) of the FCRA, because they are "individuals."

55.     Defendants violated § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and Class Members with a clear and conspicuous written disclosure, before a report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

56.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants has a policy and practice of failing to provide adequate written disclosure to applicants and employees before procuring consumer reports or causing consumer reports to be procured.  Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and Class Members without first providing a written disclosure in compliance with § 1681b(b)(2)(A) of the FCRA.

57.     Defendants' conduct in violation of § 1681b(b)(2)(A) of the FCRA was and is willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and Class Members.  Defendants' willful conduct is reflected by, among other things, the following facts:

    (a)     Defendants are large corporations with access to legal advice through its own general counsel's office and outside employment counsel.

    (b)     The Consumer Reporting Agency that provided Plaintiff's consumer report information to Defendant, First Advantage, is an established background check provider with more than 30 years of experience and

deems itself the "Global leader among background check companies."[7]

    (c)    Defendants were clearly aware that the required disclosure must be set forth in a stand-alone document, as evidenced by the Authorization form provided to Plaintiff and based on the facts alleged herein.

    (d)    The plain language of the statute unambiguously indicates that inclusion of extraneous or unclear information in a disclosure form violates the disclosure requirements.

58.    Additionally, Defendants violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiff and Class Members that an investigative consumer report involves personal interviews with sources such as neighbors, friends, or associates; and failing to provide a written summary of Plaintiff's and Class Members' rights under 1681g(c) as part of the disclosure.

59.    On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured on applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.  Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured on Plaintiff and Class Members without providing a timely written summary of their rights under the FCRA.

60.    Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, § 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is reflected by, among other things, the facts set forth above.

---

[7] First Advantage Homepage, subtitled: "Leading Global Background Check Company," https://fadv.com/ (last accessed April 1, 2019).

61.     As a result of Defendants' illegal procurement of consumer reports by way of its inadequate disclosures, as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

62.     Plaintiff, on behalf of himself and the FCRA Pre-Authorization Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

63.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

### SECOND CAUSE OF ACTION

### Violation of the Investigative Consumer Reporting Agencies Act

### Section 1786.16(a)(2)

### (As to ICRAA Subclass Only)

64.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

65.     Defendants are a "person" as defined by Cal. Civ. Code Section 1786.2(a).

66.     Plaintiff and Class Members are "consumers" within the meaning Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

67.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

68.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records

are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

69.     Section 1786.16(a)(2) provides, in relevant part:

> If, ***at any time,*** an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct . . ., the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (A) The person procuring or causing the report to be made ***has a permissible purpose***, as defined in Section 1786.12.
>
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure[].
>
> (C) The consumer has authorized in writing the procurement of the report.

70.     Defendants violated Section 1786.16(a)(2) of the ICRAA by failing to provide Plaintiff and Class Members with a clear and conspicuous disclosure in writing and failing to obtain written authorization each time an investigative consumer report is sought and procured with a permissible purpose.

71.     On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them with stand-alone disclosures and obtaining authorization every time, as required by law.

72.     Instead, the Authorization provided to Plaintiff states that "**During the application process and at any time during the tenure of my employment with The Company**, I hereby authorize First Advantage, on behalf of The Company to procure an Investigative Consumer Report which I understand may include information regarding my character, general reputation, personal characteristics, or mode of living." (emphasis added).

73.     Again, the provision appears to allow Defendants to obtain a consumer report on an applicant for *any* arbitrary reason an unlimited number of times.  Not only is the information

presented in a manner that is confusing to a reasonable reader, but it is directly contravened by the requirement set forth in Section 1786.16(a)(2) that a consumer report be procured only for "a permissible purpose," including employment purposes. "Employment purposes" is defined in Section 1786.2(f) as a consumer report used "for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention **as an employee**." (emphasis added). This cannot be the case if Defendants compel consumers to sign off on an open-ended, perpetual authorization, or "evergreen consent," in violation of Section 1786.16(a)(2) (requiring that a written disclosure be provided "at any time" an investigative consumer report is sought, subject to narrow exceptions), which allows Defendants to obtain a consumer report without providing the requisite disclosure(s) or obtaining the necessary authorization. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and Class Members without providing them with the required disclosure and obtaining authorization under Section 1786.16(a)(2) of the ICRAA.

74. Accordingly, Defendants willfully violated and continue to violate the ICRAA including, but not limited to Section 1786.16(a)(2). Defendants' willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

75. As a result of Defendants' willful or grossly negligent failure to provide the required form as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA, among other injuries.

76. Plaintiff, on behalf of himself and the ICRAA Subclass Members, seeks all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Violation of the Consumer Credit Reporting Agencies Act Section 1785.20.5(a)

### (As to CCRAA Subclass Only)

77. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

78.   Defendants are a "person" as defined by Cal. Civ. Code Section 1785.3(j).

79.   Plaintiff and Class Members are consumers within the meaning of Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

80.   Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

81.   Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as:

> "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

82.   Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

83.   Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that (a) identifies the specific basis under Section 1024.5(a) of the Labor Code for use of the report; (b) informs the person of the source of the report; and (c) contains a box that the person may check off to receive a copy of the credit report.  The employer must provide the report to the applicant or employee contemporaneously and at no charge.

84.   At all relevant times herein, Defendants wilfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members, because they failed to provide written notice to Plaintiff and Class Members that references a specific basis for the report under Cal. Labor Code Section 1024.5.

85.   Pursuant to Labor Code section 1024.5, and employer or prospective employer shall not use a consumer credit report for employment purposes unless the employee or

prospective employee is being considered for a specific position that requires additional vetting, such as a managerial position, a position in law enforcement, or a position with access to money or confidential or proprietary information.  To the extent Defendants requested a consumer credit report on Plaintiff and Class Members, Defendants fail to reference a permissible basis under section 1024.5 in the written disclosure.

86.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of failing to identify the specific basis under Labor Code section 1024.5(a) for use of the report, and

87.     Pursuant to that policy and practice, Defendants wilfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class Members.

88.     Accordingly, Defendants willfully violated and continue to violate the CCRAA including, but not limited to Section 1785.20.5(a) and have violated the privacy rights of Plaintiff and Class Members.  Defendants' willful conduct is reflected by, among other things, the facts set forth above.

89.     As a result of Defendants' willful conduct as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA, among other injuries.

90.     Plaintiff, on behalf of himself and the CCRAA Subclass Members, seeks all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

91.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code Section 1785.31.

**FOURTH CAUSE OF ACTION**

**Violation of California Business & Professions Code Section 17200 *et seq.***

**(As to the UCL Subclass Only)**

92.     Plaintiff hereby incorporates by reference the allegations contained in this

1   Complaint.

2       93.     California's Unfair Competition Law ("UCL"), California Business &

3   Professions Code Section 17200 *et seq.,* protects both consumers and competitors by promoting

4   fair competition in commercial markets for goods and services. The UCL prohibits any

5   unlawful, unfair or fraudulent business act or practice.  A business practice need only meet one

6   of the three criteria to be considered unfair competition.  An unlawful business practice is

7   anything that can properly be called a business practice and that at the same time is forbidden by

8   law.

9       94.     As described above, Defendants have violated the "unlawful" prong of the UCL

10   in that Defendants' conduct violated numerous provisions of the FCRA, ICRAA, and CCRAA.

11       95.     Defendants have violated the "unfair" prong of the UCL in that it gained an

12   unfair business advantage by failing to comply with state and federal mandates in conducting

13   background checks and otherwise take the necessary steps to adhere to the FCRA.  Further, any

14   utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and

15   Class Members and because the conduct offends public policy.

16       96.     As a result of Defendants conduct described herein and its willful violations of

17   California Business & Professions Code Section 17203, Plaintiff and the Class have lost money

18   and suffered harm as described herein.

19       97.     Pursuant to California Business & Professions Code Section 17203, Plaintiff

20   seeks an order enjoining Defendants from continuing to engage in the unfair and unlawful

21   conduct described herein.  Plaintiff seeks an order (a) requiring Defendants to cease the unfair

22   and unlawful practices described herein; and (b) awarding reasonable costs and attorneys' fees

23   pursuant to California Code of Civil Procedure Section 1021.5.

24                      **REQUEST FOR JURY TRIAL**

25       98.     Plaintiff requests a trial by jury of all issues which may be tried by a jury

26   pursuant to Rule 38 of the Federal Rules of Civil Procedure.

27                      **RELIEF REQUESTED**

28   Plaintiff, on behalf of himself and Class Members, requests that the Court enter

1    judgment against Defendants, as follows:

2            (a)    An order certifying the proposed Class and Subclasses, designating

3                     Plaintiff as named representative of the Class and Subclasses, and

4                     designating the undersigned as Class Counsel;

5            (b)    A Declaration that Defendants' practices violate the FCRA, ICRAA,

6                     CCRAA, and UCL;

7            (c)    An award of statutory, compensatory, special, general, and punitive

8                     damages, where applicable, according to proof against Defendants;

9            (d)    An award of appropriate equitable relief, including but not limited to an

10                  injunction forbidding Defendants from engaging in further unlawful

11                  conduct in violation of the FCRA, ICRAA, CCRAA, and UCL;

12            (e)    An award of pre-judgment and post-judgment interest, as provided by

13                  law;

14            (f)    Leave to amend the Complaint to conform to the evidence produced at

15                  trial;

16            (g)    An award of attorneys' fees and costs, as allowed by law, including an

17                  award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15

18                  U.S.C. 1681o, California Civil Code, §§ 1786.50 and 1785.31(a), Code

19                  of Civil Procedure § 1021.5; and

20            (h)    Such other relief as may be appropriate under the circumstances.

21

22    Dated:  April 9, 2019                Respectfully submitted,

23                              Capstone Law APC

24

25                         By: /s/ Mark A. Ozzello

26                          Mark A. Ozzello
                             Tarek H. Zohdy

27                          Cody R. Padgett
                             Trisha K. Monesi

28

                          Attorneys for Plaintiff Jeff Barnett

# EXHIBIT 1



## Background Check Authorization Form

As part of the employment process, AMN Services, LLC, ("The Company"), will obtain an Investigative Consumer Report. The Investigative Consumer Report may include information regarding your character, general reputation, personal characteristics or mode of living. The following Consumer Reporting Agency will prepare the report:

First Advantage
1100 Alderman Drive
Alpharetta, GA 30005

## AUTHORIZATION

During the application process and at any time during the tenure of my employment with The Company, I hereby authorize First Advantage, on behalf of The Company to procure an Investigative Consumer Report which I understand may include information regarding my character, general reputation, personal characteristics, or mode of living. This report may be compiled with information from courts record repositories, departments of motor vehicles, past or present employers and educational institutions, governmental occupational licensing or registration entities, business or personal references, and any other source required to verify information that I have voluntarily supplied. I understand that I may request a complete and accurate disclosure of the nature and scope of the background verification; to the extent such investigation includes information bearing on my character, general reputation, personal characteristics or mode of living. By signing below, I attest that I am the person identified in this document, the information I will supply is accurate, and I authorize the investigative consumer report.

**MN & Oklahoma Residents please note:** In connection with your application for employment, your credit report may be obtained and reviewed. Under MN law, you have a right to receive a free copy of your credit report by checking the appropriate box below. Your credit report will be mailed to you by the credit bureau. Under Oklahoma law, you have the right to receive a free copy of your consumer report.

**CA Residents please note:** In connection with your application for employment, your credit report may be obtained and reviewed. Under CA law, you have a right to receive a free copy of your credit report by checking the appropriate box below. Your credit report will be mailed to you by the credit bureau. In the alternative, you may elect to receive the entire Investigative Consumer Report, which will include your credit report if one was ordered.

**California Notice:** You have the right under Section 1786.22 of the California Civil Code to contact First Advantage during normal business hours to obtain your file for your review. You may obtain such information as follows:

1.1. In person at First Advantage' office at the address listed above. You will need to furnish proper identification prior to receiving your file. You may have someone accompany you and should inform such person that they will also have to present reasonable identification. If you want First Advantage to disclose to or discuss your information with this third party, you may be required to provide a written statement granting First Advantage permission to do so.

2.2. By certified mail, if you make a written request (and provide proper identification) to have your file sent to a specified addressee.

3.3. By telephone, if you have previously made a written request and provided proper identification.

First Advantage has trained personnel to explain any information that is furnished to you and to explain any information that is coded.

## Consent And Authorization

I have read and accept the terms of this Online Application.

| | |
|---|---|
| First name (given name): | Jeff |
| Last name (family name) | Barnett |

| | |
|---|---|
| Country: | UNITED STATES |
| Address 1: | ███████████ |
| Address 2: | |
| City: | Phoenix |
| Region: | Arizona |
| Zip Code/Postal: | ████ |
| Date: | April 20  2017 |

☑ I consent

███████████████████

_____

Signature